IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRIPWIRE SOUTH, LLC,** | : | |
| Plaintiff | : | No. 1:24-cv-00305 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **STUDEBAKER GROUP,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Tripwire South, LLC ("Plaintiff")'s motion to enter judgment by default against Defendant Studebaker Group ("Defendant"). (Doc. No. 13.) As Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant Plaintiff's motion and defer the entry of judgment as to Defendant pending the outcome of an evidentiary hearing on damages.

### I.   BACKGROUND

On February 21, 2024, Plaintiff initiated this case through the filing of a complaint against Defendant for breach of contract. (Doc. No. 1.) The complaint alleges that Defendant executed a purchase order (Doc. No. 1-2 at 2) for the purchase of various items from Plaintiff and following receipt of the executed purchase order, Plaintiff claims to have "incurred significant costs and expenses" in fulfilling the purchase order (Doc. No. 1 ¶¶ 4–7). Plaintiff avers that, thereafter, Defendant attempted to cancel the purchase order, but there is no provision in the purchase order that permits Defendant to cancel the order after the purchase order was executed. (Id. ¶¶ 8–9.) Plaintiff maintains that it incurred costs in excess of $450,000.00 in fulfilling the purchase order and has not received any payment from Defendant. (Id. ¶¶ 10–12.) The amount of the purchase order totaled $540,000.00. (Doc. No. 1-2 at 2.)

A review of the docket in this matter reveals that the Clerk of Court issued a summons to Plaintiff for service of the complaint on Defendant on February 21, 2024.  (Doc. No. 2.)  Defendant was served with Plaintiff's complaint on March 4, 2024, establishing a deadline of March 25, 2024 for Defendant to respond to the complaint.  (Doc. No. 6 at 7.)[1]  Because Defendant failed to respond to the complaint or otherwise defend this action, on July 23, 2024, Plaintiff requested the entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. No. 19.)  On July 24, 2024, the Clerk of Court entered default against Defendant.  (Doc. No. 7.)

On October 22, 2024, Plaintiff filed the instant motion to enter judgment by default (Doc. No. 13) with an accompanying brief (Doc. No. 14).  In the motion and accompanying brief, Plaintiff requests that the Court schedule an evidentiary hearing pursuant to Federal Rule of Civil Procedure 55(b) for the assessment of damages because the contract did not have a liquidated damages provision that Plaintiff can claim as a dollar amount of damages.  (Doc. Nos. 13; 14 at 1–2.)  As Defendant has not yet responded to the pending motion for default judgment, the Court deems Plaintiff's motion for entry of default judgment (Doc. No. 13) unopposed.  Accordingly, the motion is ripe for disposition.

## II.     LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure.  An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b).  See 10A Charles Alan

---

[1] Pursuant to Federal Rule of Civil Procedure 4(f)(C)(ii), Plaintiff served Defendant via certified mail upon an individual requiring a signed receipt.  (Doc. No. 6 at 4, 7.)  Plaintiff filed the USPS receipt showing that Defendant was served on March 4, 2024.  (Id. at 7.)

Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. Apr. 2023 update) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered default, a party may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender 3d ed. 2010). It is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See 10A Wright & Miller, Federal Practice and Procedure § 2688; see also Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that "before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v.

3

Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted).  While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Damages must be determined by the district court if they are not for a "sum certain or a sum that can be made certain by computation."  See id. (quoting Fed. R. Civ. P. 55(b)).  The Court may conduct a hearing on damages if necessary.  See Fed. R. Civ. P. 55(b)(2); Comdyne, 908 F.2d at 1149.

### III.    DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion for default judgment, and supporting brief, the Court finds that the entry of default judgment against Defendant and in favor of Plaintiff is appropriate.  As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for breach of contract, as Plaintiff has shown that: "(1) a valid contract exists, (2) Defendant[] breached a duty imposed by the contract, and (3) that damages resulted."  See Young Sook Pal v. Alea London Ltd., No. 08-cv-00824, 2009 WL 2366549, at *6 (M.D. Pa. July 30, 2009) (citing Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 884 (Pa. Super. Ct. 2000)).[2]  As discussed supra, Plaintiff maintains that Defendant attempted to cancel the purchase order after the order had been executed, after which Plaintiff had already incurred costs in fulfilling the order and that Plaintiff has not received payment from Defendant.  (Doc. No. ¶¶ 8–12.)  Plaintiff attaches a copy of the signed purchase order, totaling $540,000.00, in support of its claim.  (Doc. No. 1-2 at 2.)

---

[2]  As this Court's subject matter jurisdiction in this case is based on diversity of citizenship (Doc. No. 1 ¶ 3), the Court must look to the substantive law of Pennsylvania.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

Further, Court finds that the three <u>Chamberlain</u> factors weigh in favor of entering default judgment against Defendant.  First, Plaintiff will be prejudiced if the Court declines to enter default judgment, as Plaintiff is unable to proceed with the action due to Defendant's failure to respond and has no other means of recovering against Defendant.  See <u>Broad. Music, Inc. v. Kujo Long, LLC</u>, No. 14-cv-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (stating that the "[p]laintiff[] will be prejudiced . . . by [its] current inability to proceed with their action due to [d]efendant[]'[s[ failure to defend").  Second, Defendant has not asserted a meritorious defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion.  Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense.  See <u>Laborers Local Union 158 v. Fred Shaffer Concrete</u>, No.10-cv-01524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011) (granting default judgment in favor of the plaintiff when the "[d]efendant[] ha[s] not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment").  Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability.  Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for its failure to do so.  "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful."  <u>Innovative Office Prods., Inc. v. Amazon.com, Inc.</u>, No. 10-cv-04487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012).  In the absence of an excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct.  See <u>Laborers Local Union 158</u>, 2011 WL 1397107, at *2.  Accordingly, the Court is satisfied that the <u>Chamberlain</u> factors counsel in favor of entering

default judgment in favor of Plaintiff, and thus, will grant Plaintiff's motion for default judgment.

While the Court will grant Plaintiff's motion, it will defer the entry of judgment as to Defendant pending an evidentiary hearing on damages. At this juncture, the Court cannot ascertain the full amount of damages to which Plaintiff would potentially be entitled, and Plaintiff has represented the same to the Court as the instant contract does not have a liquidated damages provision. Plaintiff specifically requests that the Court conduct an evidentiary hearing to ascertain its damages. (Doc. Nos. 13–14.) Finding such an approach appropriate in this case, the Court will grant Plaintiff's motion and order that an evidentiary hearing on damages be scheduled prior to the entry of judgment in this case.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion to enter judgment by default against Defendant (Doc. No. 13) and defer entry of judgment pending the outcome of an evidentiary hearing on damages. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania